UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLE DAANE,

                           Plaintiff,

            -v-

RYDER TRUCK RENTAL, INC., *et al.*,
                           Defendants.

18-CV-10489 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Carole Daane, the driver of the front vehicle in a rear-end collision, brings this action against Defendants, alleging that the accident was wholly caused by their negligence. Daane now moves for partial summary judgment on liability.  Defendant Ryder Truck Rental, Inc. ("Ryder"), the lessor of the truck that collided with the rear end of Daane's car, cross-moves for summary judgment on liability, asserting that 49 U.S.C. § 30106 (the "Graves Amendment") shields it from liability.  And all defendants — Melvin Allen, who drove the truck that collided with the rear end of Daane's car; Postal Fleet Services, Inc. ("Postal Fleet"), Allen's employer and lessee of the truck involved in the accident; and Ryder — have moved for summary judgment in their favor, arguing that Daane did not suffer a "serious injury" as required by Section 5102 of the Insurance Laws of New York.  For the reasons that follow, Daane's motion is granted in part and denied in part, Ryder's motion is granted, and Defendants' motion is granted in part and denied in part.

I.    **Background**

The following facts are not in dispute.  In April 2017, Allen, a Postal Fleet truck driver, drove one of the company's trucks into the rear end of Daane's car; this rear-end collision happened on Canal Street near the intersection with Hudson Street in Manhattan.  (*See* Dkt. Nos.

101-1 ¶ 3; 105 ¶ 3.)  The Postal Fleet truck that Allen was driving belonged to Ryder, a truck rental business, and had been rented to Postal Fleet pursuant to a Truck Lease Agreement between the companies.  (*See* Dkt. No. 103-1 ¶¶ 5–8.)  At the time of the collision, Allen was driving the truck during the course and in the scope of his employment for Fleet.  (*See* Dkt. Nos. 101-1 ¶ 5; 105 ¶ 5.)

Video of the collision from the dashboard camera of the truck, which Allen testified accurately depicted the collision (*see* Dkt. No. 101-8 at 70:14–17), shows the following:  Allen was driving behind Daane's car on Canal Street for at least two blocks; as Daane approaches the Hudson Street intersection, the light turns yellow; Daane's car abruptly brakes and crosses the solid stop line, eventually coming to a full stop in the middle of the cross walk; after Daane's car comes to a full stop in the cross walk, the light turns red; while the light is red, Allen's truck continues to go past the stop line and into the rear end of Daane's car; and the impact of the collision propels Daane's car forward several feet.  (*See* Dkt. No. 101-9.)  Daane alleges that she suffered physical, neurological, and psychological injuries from the collision.  (*See* Dkt. No. 102-7 ¶ 11.)

Daane later filed this action in 2018.  (*See* Dkt. No. 1.)  Daane has now moved for summary judgment as to liability (*see* Dkt. No. 101), Ryder has cross-moved for summary judgment on liability (*see* Dkt. No. 103), and Defendants have moved for summary judgment dismissing the case (*see* Dkt. No. 102).

## II.    Legal Standard

A party is entitled to summary judgment if it can "show[] that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is "material" if "it might affect the outcome of the

suit under the governing law." *Hurley v. Tozzer, Ltd.*, No. 15 Civ. 2785, 2018 WL 1087946, at

*1 (S.D.N.Y. Feb. 26, 2018) (quoting *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002)).  The

party moving for summary judgment bears the burden of showing that no genuine dispute of

material fact exists, *id.*, and in assessing whether the movant has carried this burden, a court

"must view the evidence in the light most favorable to the party against whom summary

judgment is sought and must draw all reasonable inferences in his or her favor," *Access 4 All,

Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 166 (S.D.N.Y. 2006).

### III.     Discussion

The Court first address Defendants' summary judgment motion because, even if

Defendants are liable for the collision, Daane cannot prevail in this suit if she did not sustain a

serious injury.  The Court next addresses Ryder's summary judgment motion as to liability

because its argument to escape liability, unlike the argument of its co-defendants, does not

address the merits of the suit.  Finally, the Court addresses Daane's summary judgment motion

as it pertains to the liability of Allen and Postal Fleet.

### A.     Serious Injury

Defendants argue that Daane did not suffer a "serious injury" as required by §§ 5102 and

5104 of the Insurance Laws of New York to successfully sue for injuries sustained in a car

accident.  "Serious injury" is defined as a personal injury that results in:

> death; dismemberment; significant disfigurement; a fracture; loss of a fetus;
> permanent loss or use of a body organ, member, function or system; permanent
> consequential limitation of use of a body organ or member; significant limitation
> of use of a body function or system; or a medically determined injury or
> impairment of a non-permanent nature which prevents the injured person from
> performing substantially all of the material acts which constitute such person's
> usual and customary daily activities for not less than ninety days during the one
> hundred eighty days immediately following the occurrence of the injury or
> impairment.

N.Y. INS. LAW § 5102 (McKinney 2017).  From this list of serious injuries, Daane alleges that she experienced all but death, dismemberment, a fracture, and a loss of fetus.  (*See* Dkt. No. 102-7 ¶¶ 10–11.)

In order to prevail on their summary judgment motion, Defendants "must first make a *prima facie* showing that the plaintiff has not sustained a serious injury."  *Thomas v. O'Brien*, No. 08 Civ. 3250, 2010 WL 785999, at *7 (E.D.N.Y. Feb. 26, 2010) (citing *Gaddy v. Eyler*, 591 N.E.2d 1176 (N.Y. 1992)).  Defendants may satisfy this burden with unsworn reports by the plaintiff's physicians or through sworn affidavits or affirmations from their own retained physicians.  *See id.* (citing *McGovern v. Walls*, 607 N.Y.S.2d 964, 965 (N.Y. 2d Dep't 1994), and *Marsh v. Wolfson*, 587 N.Y.S.2d 695, 696 (N.Y. 2d Dep't 1992)).  If Defendants make this requisite showing, "the burden then shifts to the plaintiff to provide sufficient evidence to support [her] claim of serious injury."  *Id.*  Daane may rebut this showing only through "submitting admissible evidence, in the form of *sworn* affidavits or affirmations by physicians substantiating the claim of serious injury."  *Id.*  (citing *Buonaiuto v. Shulberg*, 679 N.Y.S.2d 89, 90 (N.Y. 2d Dep't 1998)).

The Court concludes that Defendants have partially met their *prima facie* burden.  Insofar as Daane maintains that she sustained a significant disfigurement, permanent loss, a permanent consequential limitation, and a significant limitation from the collision, Defendants successfully make a *prima facie* case rebutting these claims as they relate to physical or neurological injuries.  Dr. Arnold T. Berman, a physician whom Defendants retained to do an orthopedic evaluation of Daane in 2019, stated the following about Daane in a sworn affirmation:  "From an orthopedic standpoint, Ms. Daane has no functional loss or disability as a result of the accident on 4/28/2017.  Ms. Daane has reached pre-injury status in regards to the injuries sustained in this

4

accident." (Dkt. No. 102-51 at 6.)  And Dr. Robert S. April, a neurologist whom Defendants

obtained to do a neurological liability examination of Daane, stated the following about Daane in

a sworn affirmation:  "I have concluded with reasonable medical certainty that the accident of

record did not produce a neurological diagnosis, cerebral concussion, or other kind of traumatic

brain injury." (Dkt. No. 102-52 at 6.)

But Defendants do not present any evidence, in the form required at this stage, that Daane

did not suffer a "serious" psychological injury.  *See Fang v. Dofar*, No. 15 Civ. 1251, 2018 WL

4054096, at *5 (N.D.N.Y. Aug. 24, 2018) ("It is 'recognized that an emotional injury, causally

related to an automobile accident, can constitute a serious injury sufficient to support a cause of

action to recover damages for noneconomic loss.'" (quoting *Wahl v. Lothiam*, 235 F. Supp. 2d

334, 336 (S.D.N.Y. 2002)); *see also Wahl*, 235 F. Supp. 2d at 336 (noting that "two district

courts in the Second Circuit have held that Post-Traumatic Stress Disorder ("PTSD") or clinical

depression falls within the definition of a serious injury" under New York law).  Defendants also

fail to make a *prima facie* case that Daane did not suffer an "injury or impairment of non-

permanent nature" that prevented her from performing her usual activities for at least ninety days

in the one hundred eighty days ("90/180 injury") following the collision.  Defendants' experts

"failed to address the 180-day period after the [collision] at all in [their] expert report[s], and

therefore the defendants have failed to make their prima facie case on this point." *Bass v. Hout*,

No. 13 Civ. 8516, 2019 WL 6527944, at *5 (S.D.N.Y. Dec. 4, 2019).

For Daane's alleged serious injury allegations that Defendants have made a successful

*prima facie* case rebutting, the Court concludes that Defendants are entitled to summary

judgment.  Because Defendants present evidence that Daane did not suffer a serious physical or

neurological injury (outside of a 90/180 injury or psychological injury), the burden shifts to

Daane to provide evidence supporting her claims of serious injury. Yet Daane has not filed any opposition to Defendants' motion or provided the Court with any sworn affidavits or affirmations by physicians substantiating her claims. The Court thus partially grants Defendants' motion for summary judgment and dismisses Daane's claims of sustaining a serious injury that is not a 90/180 injury or a psychological injury.

### B.      Ryder's Liability

Ryder moves for summary judgment on liability, arguing that the Graves Amendment, 49 U.S.C. § 30106, shields it from vicarious liability. The Graves Amendment expressly preempts state law and provides that an owner of a motor vehicle who rents or leases the vehicle is not held liable if the vehicle is involved in an accident during the rental or lease period, subject to two conditions: (1) the owner is engaged in the business of renting or leasing motor vehicles and (2) there is no negligence or criminal wrongdoing on the part of the owner. *See* 49 U.S.C. § 30106(a). Ryder has submitted an affidavit from one of its Field Operation Managers attesting to the fact that Ryder is in the business of leasing motor vehicles (*see* Dkt. No. 103-16 ¶ 4), and its rental agreement with Postal Fleet and a list of vehicles that Ryder rented to Postal Fleet, which includes the truck involved in the collision (*see* Dkt. Nos. 103-14 & 103-15). Daane also acknowledges that Allen was operating a truck that Ryder rented to Postal Fleet at the time of the accident (*see* Dkt. No. 1 ¶ 12) and has not opposed the motion. Further, there is no evidence that there was any negligence or criminal wrongdoing on Ryder's part. *See Clarke v. Hirt*, 999 N.Y.S.2d 692, 695 (N.Y. Sup. Ct. 2014) ("It has been held in this regard that absent some evidence of a lessor's failure to properly maintain a vehicle which it has expressly agreed to maintain pursuant to a lease agreement, or some similar active negligence on the part of the lessor . . . the negligence clause, is rarely applicable and should be cautiously applied in light of

Congress' clear intent to forestall suits against vehicle leasing companies."). The Court thus grants Ryder's motion for summary judgment and dismisses it as a party in this suit.

### C.    Postal Fleet's and Allen's Liability[1]

"[A]ny rear-end collision establishes a prima facie case of negligence on the part of the rear-ending driver." *De La Cruz v. Ock Wee Leong*, 791 N.Y.S.2d 102, 102 (N.Y. App Div. 1d Dep't 2005). The injured occupants of a rear-ended front vehicle are entitled to summary judgment on liability, "unless the driver of the following vehicle can provide a non-negligent explanation, in evidentiary form, for the collision." *Johnson v. Phillips*, 690 N.Y.S.2d 545, 547 (N.Y. App. Div. 1d Dep't 1999). The video of the collision, which Allen testified was an accurate depiction of the collision (*see* Dkt. No. 101-8 at 70:14–17), establishes a *prima facie* case of negligence because it depicts Allen driving his truck into the rear end of Daane's car when her car was at a complete stop at a red light (*see* Dkt. No. 101-9).

In an attempt to rebut this *prima facie* case, Defendants argue that Daane was contributorily negligent, making summary judgment inappropriate. *See Tann v. Herlands*, 638 N.Y.S.2d 293, 293 (N.Y. 1st Dep't 1996) (holding that granting plaintiff summary judgment on liability was erroneous "[n]otwithstanding the fact that defendants' vehicle struck plaintiff's in a rear-end collision" because "a triable issue of fact exist[ed] as to whether plaintiff's operation of his vehicle caused or contributed to the accident"). In the video, Daane's car brakes abruptly at a yellow light before coming to a complete stop within the cross walk, which Defendants argue is a non-negligent explanation for the collision.

---

[1] The Court does not consider Ryder in the following analysis since it concludes that the Graves Amendment shields Ryder from liability.

The problem with Defendants' argument, however, is that Daane's operation of her vehicle had no effect on Allen's breach of two different statutorily imposed duties.  First, the video shows that Allen was not driving "at a sufficiently safe speed . . . to maintain enough distance between himself and cars ahead of him so as to avoid [a] collision[] with [Daane's] stopped vehicle[]." *Malone v. Morillo*, 775 N.Y.S.2d 312, 313 (N.Y. 1st Dep't 2004); *see* N.Y. VEH. & TRAF. LAW § 1129(a) (McKinney 2021).  Second, unlike Daane, Allen failed to obey the red traffic light and come to a complete stop.  *See* N.Y. VEH. & TRAF. LAW § 1110(a) (McKinney 2021).  Because a "violation of a State statute that imposes a specific duty constitutes negligence per se," *Elliott v. City of New York*, 747 N.E.2d 760, 762 (N.Y. 2001), and Defendants fail to provide a nonnegligent explanation, the Court concludes that Allen and Postal Fleet are liable beyond genuine dispute and as a matter of law.

**IV.    Conclusion**

For the foregoing reasons, Daane's motion for summary judgment as to the liability of Allen and Postal Fleet is granted but denied as to the liability of Ryder.  Ryder's cross-motion for summary judgment as to its liability is granted and Ryder is dismissed from the case.  Defendants' motion for summary judgment is granted in part as it pertains to any of Daane's alleged injuries, with the exception of Daane's alleged 90/180 injuries and psychological injuries.

The parties are directed to confer and to submit a joint letter within 21 days after the date of this Opinion and Order addressing proposals for the remaining phase of this case, including (1) proposed dates in 2022 for a jury trial (or a representation that all parties consent to a bench trial); (2) estimated length of time for trial, and (3) any proposals for settlement discussions, including whether the parties agree to be referred to Magistrate Judge Sarah L. Cave for a settlement conference.

The Clerk of Court is directed to close the motions at Docket Numbers 101, 102, and 103.

SO ORDERED.

Dated: February 9, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge