UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAROLE DAANE,

                  Plaintiff,

-v-

RYDER TRUCK RENTAL, INC., et al.,

                  Defendants.

18-CV-10489 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Carole Daane brought this action against Defendants Ryder Truck Rental (since dismissed from this action), Postal Fleet Service, Inc., and Melvin Allen, alleging that they are responsible for a negligent rear-end collision into her vehicle. Before the Court is Daane's motion for reconsideration and reargument of this Court's opinion and order granting summary judgment to Defendants. (*See* ECF No. 107.) Daane moves for this relief under Federal Rules of Civil Procedure 60 and 56, and Local Rule 6.3. For the reasons that follow, Daane's motion is denied.

**I.    Background**[1]

    On April 1, 2021, Daane moved for summary judgment as to liability. (*See* ECF No. 101.) On April 2, 2021, Defendant Ryder Truck rental individually moved for summary judgment under the Federal Transportation Act (*see* ECF No. 103). Additionally, all three Defendants together moved for summary judgment, arguing that Daane had failed to establish that she sustained a "serious injury" as defined by New York Insurance Law § 5102(d), and had failed to establish a causal connection to the subject action. (*See* ECF No. 102-2.) On May 7,

---

[1] For general background on this action, see this Court's opinion and order on summary judgment at ECF No. 107.

1

2021, Defendants responded to Daane's motion for summary judgment.  (*See* ECF Nos. 104, 105.)  Daane did not respond to either of Defendants' motions for summary judgment, nor did she reply to their response to her motion for summary judgment.

On February 9, 2022, this Court issued its opinion and order resolving the three pending motions for summary judgment.  (*See* ECF No. 107.)  Five days later, on February 14, 2022, Daane contacted this Court via letter, requesting a conference because "the two motions made by defendants were not opposed on papers by plaintiff, which plaintiff fully intended to do."  (ECF No. 108 at 1.)  In this letter, Daane's counsel say they were "unaware" that the motions, which had been pending since April, were "being imminently decided."  (ECF No. 108 at 1.)  Daane's attorneys also allege that they had called the Court's chambers and had been told that this Court does not issue scheduling orders for "motions of this nature" and that the parties should work it out amongst themselves, and "contact the court for a decision once the matters were fully briefed."  (ECF No. 108 at 1.)  Because Daane's attorneys did not file a letter or other form of judicially recognized writing with this Court documenting this allegation, there is no record of when this call occurred or what exactly was said, other than the recollection of counsel some significant time later.

The Court held a conference with counsel for the parties on February 23, 2022.  (*See* Transcript at ECF No. 116.)  After hearing from the parties, the Court granted Daane's attorneys leave to file the present motion for reconsideration.

## II.     Discussion

### A.     Rule 60(b)(1)

Daane first moves for reconsideration pursuant to Rule 60(b)(1), which allows relief from a final judgment, order or proceeding for "mistake, inadvertence, surprise, or excusable neglect."  Daane's attorneys contend that their failure to submit opposition papers should be deemed

2

mistake or excusable neglect. Chiefly, they argue that their mistake is excusable because there was not a clear deadline for them to respond, because they intended to respond, because they maintained communication with the Defendants, and because they had called this Court's chambers for guidance on deadlines.

"Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993) (alteration in original). The Second Circuit is clear that the third factor is the most important in evaluating whether a missed deadline can be overlooked for excusable neglect. *See, e.g.*, *id.* In this case, it clearly weighs against reconsideration under Rule 60(b)(1).

All of the reasons that Daane's counsel give for their failure to respond boil down to their ignorance of the applicable Local and Individual Rules. Local Rules 6.1(b)(2) and 6.1(b)(3) of the United States District Courts for the Southern and Eastern Districts of New York state unambiguously that in this District, "any opposing affidavits and answering memoranda shall be served within fourteen days of the moving papers" and "any reply affidavits and memoranda of law shall be served within seven days after service of the answering papers." This Rule sets the default deadlines for responding to motions in the district courts in both the Southern and Eastern Districts of New York. Daane's counsels' claim that there was no deadline governing their submission is clearly erroneous. The deadline to respond was unambiguously two weeks from service of the opening motion unless counsel contacted this Court by letter motion requesting

additional time. "[F]ailure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250–51 (2d Cir. 1997) (upholding a finding that excusable neglect was not warranted where a Plaintiff failed to abide by the 21-day response time to a summary judgment motion, and where summary judgment was then granted). Plaintiff's arguments to the contrary are unpersuasive.

Daane's counsel cannot be excused because of their unawareness of this rule. First, the law is clear that ignorance of the rules is not an excuse. For example, in *United States v. Hooper*, the Second Circuit affirmed the district court's decision denying a late appeal where the lateness was caused by an assistant's ignorance of the rule establishing the deadline for criminal appeals. 43 F.3d 26, 28–29 (2d Cir. 1994). As the *Hooper* court unambiguously stated, "ignorance of the law or rules does not, in general constitute 'excusable neglect.'" *Id.* at 29 (quoting the district court decision.) Courts also do not ordinarily give leeway for mistaken reliance in similar situations. In *Silivance v. Celebrity Cruises, Inc.*, the Second Circuit upheld the district court's rejection of an application to file a late appeal because of "excusable neglect" where the counsel had relied on opposing counsel's mistaken representation of the date at a scheduling conference. 333 F.3d at 370. Every attorney is responsible for doing his or her own due diligence. "An attorney's negligence does not provide ground for relief under Rule 60(b)(1). The attorney of record bears sole responsibility to prosecute his client's claim, keep track of deadlines and respond to motions filed on the docket." *Snyman v. W.A. Baum Co.,* No. 04 Civ. 2709, 2009 WL 306505, at *1 (S.D.N.Y. Feb. 6, 2009), *aff'd,* 360 F. App'x 251 (2d Cir. 2010) (quoting *Hill v. World Class Automotive Corp.*, No. 06 Civ. 2496, 2008 WL 4809445, at *3 (E.D.N.Y. Nov. 4, 2008)) (cleaned up).

Second, the Local Rules also specify that any applicant for admission to practice before this District shall state in her application that the "applicant has read and is familiar with . . . the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York." Local Rue 1.3(a)(6)(E). Thus, attorneys appearing before courts of this District are not only generally charged with awareness of the local rules, but they are also *specifically* charged with awareness of and adherence to the Local Rules. Both of Daane's attorneys, in their appearances in this action, certified that they are "admitted or otherwise authorized to practice in this court." (ECF Nos. 6, 7, 84.) That certification necessarily incorporates by reference their certification that they are familiar with its Local Rules.

Daane's attorneys also seek to place the blame for their mistake on the Court's chambers, based on one phone call that they made seeking guidance on scheduling. But this call too was in contravention of this Court's Individual Rules. This Court's Individual Rules clearly specify that, except in extremely rare situations, *all* communications with Chambers shall be by letter or letter motion. *See* Rule 1.A ("[A]ll communications with Chambers shall be by *letter motion*.") The rules further specify that calls may be made to Chambers exclusively in "*urgent* situations requiring immediate attention," and even then, only *after* counsel has consulted the Individual Rules. *See* Rule 1.C. These Rules also specify that requests for extensions of time or adjournments, like nearly all other communications, "shall be made by letter motion, filed on ECF." Rule 3.C. Regardless of what Daane's counsel were told in that phone call, their reliance on it was unreasonable given this Court's Individual Rules — rules to which they have been specifically directed at multiple times during this litigation. (*See, e.g.*, ECF Nos. 15, 93 (directing the parties to this Court's Individual Rules).)

5

The other three factors are of little help to Plaintiff.[2] First, allowing Daane to reopen and brief summary judgment after this Court has already issued its opinion and order would amount to giving them a playbook of this Court's analysis on the arguments and evidence already submitted, and thus where to direct their efforts to plug gaps. Therefore, as to the first factor under *Pioneer*, it would unavoidably prejudice the Defendants. Second, the length of the delay here is substantial: Nearly a year elapsed between when the parties filed their respective motions for summary judgment and when Daane's counsel next contacted the Court. Reopening the summary judgment motions because of Plaintiff's failure to adhere to the deadlines of this District will delay this action further still and, moreover, would cause the Court and Defendants to duplicate their efforts. And finally, as to whether Plaintiff has acted in good faith, by Daane's counsel's timeline, they made no contact with the Court between April 14, 2021, and February 14, 2022. They may have called this Court's chambers for guidance in good faith in April 2021, albeit in defiance of this Court's rules. But the ensuing months of silence cast doubt on their diligence and the reasonableness of their actions. Daane's counsel's stated intentions to oppose the motion and attempts to maintain proper contact with Defendants, though not with the Court, mean little in the full context or under the law. "[W]here a party fails to act with diligence, [she] will be unable to demonstrate that [her] conduct constituted excusable neglect." (internal quotation marks omitted). *Snyman v. W.A. Baum Co.,* 360 F. App'x 251, 254 (2d Cir. 2010)

---

[2] The Second Circuit has observed that "in a typical case, the first two *Pioneer* factors will favor the moving party." *Silivanch*, 333 F. 3d at 366. This statement specifically derives, however, from the context of a district court's decision where the missed deadline was under Federal Rule of Appellate Procedure 4(a)(5), in which context by nature the delay to the proceeding is minimal and the prejudice negligible. *Id.* That is not the case here, where Plaintiff seeks to file an opposition to a summary judgment motion that was due under the rules in April 2021 — nearly two years ago.

(quoting *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 177 (2d Cir. 2004)).

B.   **Rule 60(b)(6)**

Daane also seeks relief under Rule 60(b)(6), which broadly covers "any other reason that justifies relief." Relief under Rule 60(b)(6) is exclusive of the other enumerated causes for relief under Rule 60. "[M]otions under Rule 60(b)(6) may not be based on excusable neglect and are proper only where the asserted grounds for relief are not recognized in the other clauses of Rule 60(b)." *New York v. Green*, 420 F.3d 99, 108 n. 3 (2d Cir. 2005) (collecting cases). Plaintiff provides no new arguments under this provision other than those made under Rule 60(b)(1), nor does she offer any facts showing the sort of "extraordinary circumstances" required for relief under Rule 60(b)(6). *See Transaero, Inc. v. La Fuerza Area Boliviana,* 24 F.3d 457, 461 (2d Cir. 1994), *on reh'g in part sub nom,. Transaero, Inc. v. La Fuerza Aerea Boliviana,* 38 F.3d 648 (2d Cir. 1994). Accordingly, this provision is inapplicable.

C.   **Local Rule 6.3 and Federal Rule 56**

Finally, Daane moves for reconsideration under Local Rule 6.3, which allows for reconsideration if there are "matters or controlling decisions which counsel believes the Court has overlooked," and Federal Rule 56, which governs summary judgment. Neither rule applies here, where Plaintiff defaulted on her opportunity to present such arguments in the first place. A motion for reconsideration is not an opportunity "to obtain a second bite at the apple." *Goonan v. Fed. Reserve Bank of N.Y.,* No. 12 Civ. 3859, 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) (citing *Norton v. Town of Islip*, No. 04 Civ. 3079, 2013 WL 84896, at *3 (E.D.N.Y. Jan. 7, 2013)). "Thus, the movant cannot rely on facts, issues, or arguments that were previously available but not presented to the court, or reargue issues that have already been considered." *DeJesus v. City of New York,* No. 13 Civ. 8366, 2015 WL 1925391, at *1 (S.D.N.Y. Apr. 28,

7

2015) (citing *Hayles v. Adv. Travel Mgmt. Corp.*, No. 01 Civ. 10017, 2004 WL 117597, at *1 (S.D.N.Y. Jan. 26, 2004)).  Nor is this a case where the Court relied *only* on Plaintiff's default in its summary judgment decision without independently weighing whether Defendants had met their burden, as is plainly evident from this Court's decision.  *Cf. Vermont Teddy Bear Co. v. 1-800 Beargram Co.,* 373 F.3d 241, 244 (2d Cir. 2004).

Daane's attempts to provide "new evidence" to create an issue of material fact is similarly unavailing.  A motion for reconsideration is not an opportunity to "present evidence that could have been raised prior to the entry of judgment." *E.J. Brooks Co. v. Cambridge Sec. Seals,* No. 12 Civ. 2937, 2015 WL 9704079, at *11 (S.D.N.Y. Dec. 23, 2015) (internal quotation marks and citations omitted).  Plaintiff does not explain how such 'new' evidence could not have been presented to the Court before it decided its motion with reasonable diligence either in pursuing said evidence or in properly seeking extensions from the Court.

It is true that the Second Circuit has "expressed a strong preference for resolving disputes on the merits." *Green,* 420 F.3d at 104 (citation omitted.)  But the Second Circuit also recognizes that this justice system is "an environment . . . in which substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law." *Silivanch,* 333 F.3d at 367.  It is unfortunate that Daane, through the actions of her counsel, has lost the opportunity to present her arguments at summary judgment.  Nonetheless, "the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for the embarkation on

extensive trial and appellate litigation to determine the equities of enforcing the bar." *Id.* at 368. Reconsideration of this Court's Opinion and Order is unwarranted under the law.[3]

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration and reargument is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 112.

The parties are directed to file a status letter with the court within 21 days after the date of this Opinion and Order informing the Court if they wish to pursue settlement, or requesting a conference with the Court to set a date for trial.

SO ORDERED.

Dated: March 2, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[3] Daane may, however, be able to obtain some relief for any forfeited claims through a malpractice suit.

9